UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CAROL SAMOUN,<br><br>Defendant. | Criminal No. 08-512M-02 |

**DETENTION MEMORANDUM**

The Defendant, Carol Samoun, has been charged in a criminal complaint with unlawful, knowing, and intentional possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, and unlawful, knowing, and intentional possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance in violation of 21 U.S.C. § 841(a)(1).

The Government requested a detention hearing, which was held August 21, 2008. At the conclusion of the hearing, the Court found that Defendant Samoun should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 19 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, Officer Ryan Roe of the Metropolitan Police Department testified on behalf of the Government. Officer Roe testified that on August 19, 2008 at approximately 3:00 am an entry team from the Metropolitan Police Department executed a search warrant at 2215 Hunter Place, SE # 204. Officer Roe was a member of the first wave of the entry team. Upon entering the apartment Officer Roe observed the two Defendants, Carol Samoun and Stacy Moore, in the back bedroom. After the defendants were secured, a search of the premises commenced.

During the course of the search, a number of items were seized. Officers found $7,773 in U.S. currency in the back bedroom on top of a night stand. In the drawer of that same night stand officers recovered a large freezer bag containing 486 multiple color pills of MDMA. Another small bag containing four similar multiple color pills was also recovered from the back bedroom. A large freezer bag containing 295 grams of compressed white powder that tested positive for cocaine was recovered from an above-sink kitchen cabinet. Another bag containing approximately 260 grams of the white powder substance was found in a kitchen cabinet. A white rock measuring 62 ounces that field tested positive for cocaine base, also known as crack, was recovered in a white power towel in a kitchen cabinet over the microwave oven. A measuring cup of water that contained a white substance that tested positive for cocaine residue was recovered from inside the microwave oven. Cocaine residue was also recovered from the glass plate of the microwave oven. A freezer bag containing 62 grams of compressed powder that tested positive as heroin was recovered from the kitchen cabinet above the microwave oven.

The officers also recovered several weapons and ammunition from the premises. A loaded 40 caliber handgun was found on the floor of the back bedroom near to where Defendants were located when police entered the apartment. A loaded 45 caliber semi-automatic gun was found in

the back bedroom closet.

The police officers also recovered two money counter machines from the office closet. Officer Roe testified that one closet in the back bedroom contained women's clothes

At the close of the hearing, the Court found probable cause that the Defendant had constructive possession of the drugs, a violation of 21 U.S.C. § 841(a)(1).

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook*, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

When, as here, there is probable cause to believe that a defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or combination of conditions may

be imposed to assure his future presence in court or to reasonably assure the safety of the community. 18 U.S.C. § 3142(e); *see also United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986) (holding that a grand jury indictment establishes probable cause sufficient to create a rebuttable presumption under § 3142(e)).

In determining whether there are conditions of release which will reasonably assure the defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Defendant Samoun is charged with possession and intent to distribute large quantities of illegal drugs. These are serious drug crimes.

The second factor, the weight of the evidence, also favors detention. The government has strong evidence against Defendant Samoun in the form of large quantities of drugs and two handguns found in the apartment. There is strong indication that Defendant Samoun lived in the apartment based on the fact that an entire closet of women's clothes was observed in the bedroom were Defendant Samoun was found. A loaded handgun that was within reaching distance of the Defendant was recovered from the floor of the apartment. The large quantities of drugs suggest that the Defendant intended to distribute the drugs.

The third factor, the history and characteristics of the defendant, also favors detention. Although the Defendant Samoun's immediate family live in the District of Columbia metropolitan

area, it appears that she currently lives in the searched apartment. She has no prior criminal record. However, the strength of the Government's case and the potential sentence she is facing if convicted outweighs her ties to the community.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The current charges before this Court against Defendant Samoun involving narcotics clearly demonstrate that she is a substantial danger to the community. The rampant epidemic of drug-related violence reported daily by the news media demonstrate the extent to which drug trafficking wreaks havoc on our communities, no place more so than in the District of Columbia.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community and concludes by a preponderance of the evidence that her pretrial release would constitute an unreasonable risk of flight. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the appearance of the Defendant as required and the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: August  26th , 2008                                    /s/
                                                                              ALAN KAY
                                                                              UNITED STATES MAGISTRATE JUDGE